**84**     JOSEPH MORRILL, Administrator of Eliakim Morrill, *versus* JAMES RICHARDSON.

The assignees of an insolvent debtor gave a bond to him conditioned that they should faithfully dispose of the property assigned by him to them, and distribute the proceeds ratably among such creditors of the assignor as had executed an agreement to discharge their claims against him, (two of the assignees were among these creditors,) and pay the surplus, if any, to the assignor. In an action on this bond, against one of the obligors, the defendant pleaded that the assignees had faithfully disposed of the property, that the debts due to the two assignees who were creditors amounted to more than the whole proceeds, and that the other creditors, " if any," who had executed the agreement, " had not exhibited and proved their claims before the assignees in such manner as that they could liquidate the same, and make the proportional distribution." *Held*, on special demurrer, that this plea was bad, both in form and substance, for uncertainty, and the omission of material allegations.

The plea should have averred, that the assignees had been ready to receive the claims of the creditors, and that one or more meetings had been called for the purpose, of the time and place of which the creditors had been notified.

THIS was an action of debt upon a bond, the condition of which, as it appeared upon oyer, was as follows. After reciting that Jeremiah S. Boies, and the defendant, and Jabez Chickering, at the meeting of those creditors of the plaintiff's intes-

tate, who had executed an obligation to discharge their claims on his assigning all his goods and estate to commissioners to be chosen, were duly chosen commissioners or assignees, and that the goods and estate had been duly assigned to them to be by them disposed of to the best advantage, and the proceeds distributed ratably among the creditors, the condition was "if the said Jeremiah, James, and Jabez shall well and faithfully dispose of the said goods, effects and estate, and distribute the proceeds as aforesaid, and shall account with the said Eliakim, and pay over to him the surplus, if any remain, after paying all reasonable charges, then this obligation to be void." The bond was not executed by Boies, but only by the defendant and Chickering.

The defendant then pleaded in bar, that at the time when the assignment of the intestate, the obligation signed by the creditors, and the bond declared on, were made, the intestate was indebted to the Dorchester Cotton and Iron Factory, of which Boies was agent, and to the defendant, respectively, in large sums of money, and that Boies, as such agent, and the defendant, severally executed the obligation to discharge their several claims, and thereby agreed to receive their ratable proportion of the proceeds of the assigned property, and to discharge their several claims, and further, that Boies, the defendant, and Chickering did well and faithfully dispose of the assigned property, and that the whole amount of proceeds fell far short of the amount due to Boies as agent, and to the defendant, "and that the other creditors, if any, who signed the said obligation to receive their proportional parts of the proceeds of said property and discharge the said Eliakim, have not exhibited and proved their claims before the said commissioners in such manner that they could liquidate the same, and make the proportional distribution."

The plaintiff demurred specially to this plea, assigning several causes of demurrer. Among them were,

1. Because the excuse given in the plea, for the non-performance of the condition of the bond, is alleged in such vague and indefinite terms, that it cannot be inferred by whose fault it was that the creditors did not exhibit and prove their claims.

*Morrill*
*v.*
*Richardson.*

Morrill
v.
Richardson.

2. Because the plea does not aver that the defendant, ever since receiving the proceeds of the property, has always been, and still is ready to distribute them among the creditors, and that he has afforded them an opportunity to prove their claims, by appointing a time and place for so doing, and giving due notice thereof.

3. Because, should the plaintiff traverse the facts pleaded as an excuse, and issue be joined thereon, it could not be tried by the jury, for it is not stated in what particular manner the creditors refused to exhibit their claims.

*Oct. 28th.*

*Worthington,* in support of the demurrer, cited 1 Chit. Pl. 242, 317.

*Cushing, contrà,* cited *Griffith v. Harrison,* 4 Mod. 249 ; *S. C.* 1 Salk. 196 ; 1 Chit. Pl. 520.

WILDE J. afterward drew up the opinion of the Court. The plea in bar is manifestly defective in substance, as well as in form. There is no averment of the performance of a material part of the condition ; nor any sufficient excuse alleged for the non-performance.

The substance of the condition is, that the defendant with Boies and Chickering, as assignees of the goods and estate of Eliakim Morrill, an insolvent debtor, should sell and dispose of the goods and estate, and distribute the proceeds among the several creditors who had become parties to the assignment, in proportion to their several claims.

The plea alleges, that the defendant and the other assignees named in the condition, did well and faithfully dispose of the goods, effects and estate assigned to them ; but it is not averred that the proceeds have been distributed among the creditors according to the condition ; on the contrary, it is implicitly admitted that no such distribution has been made. The excuse alleged for the non-performance of the condition in this particular is, that the creditors, *if any,* entitled to a proportional distribution of the proceeds, had not exhibited and proved their claims before the assignees or commissioners in such manner as that they could liquidate the same, and make the proportional distribution. This is a material part of the plea, and it is both uncertain and defective ; uncertain, because it does not admit that there were any creditors except the assignees, enti-

tled to distribution ; and defective, because there is no aver-
ment that the assignees were ready to receive and liquidate the
claims of the creditors, and to make the distribution.

Where the concurrence of both parties becomes necessary
for the performance of a condition, the party who attempts to
excuse the non-performance, in pleading, must allege that he
has done, or was ready to do, all that he was bound to do on
his part ; or that he was discharged from the performance by
the other party.[1] The defendant therefore ought to have
averred that the assignees had been ready and willing to receive
the claims of the other creditors, and to liquidate the same ;
that a meeting or meetings of the assignees for this purpose
had been appointed ; and that notice of the time and place of
meeting had been duly given to the creditors. The first act
was to be done by the assignees ; for the creditors could not
prove their claims before them, unless they were together to
receive the proof ; nor could the creditors know when and
where to present their claims for liquidation, unless some no-
tice was given of the time and place appointed by the assignees
for this purpose. So that no good reason is alleged for the
non-performance of the condition. For aught that appears to
the contrary, it was owing to the neglect of the defendant, and
therefore the plea in bar is clearly insufficient.

----

[1] See 1 Chitty on Pl. (7th Am. ed.) 352 *et seq.*